IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.                               **CRIMINAL ACTION NO.: 3:21-CR-49
(GROH)**

**JONATHAN TOEBBE
and DIANA TOEBBE,**

      Defendants.

**ORDER GRANTING UNOPPOSED MOTION FOR COMPLEX CASE DESIGNATION**

Now before the Court is the Government's Motion for Complex Case Designation [ECF No. 50], filed pursuant to Local Rule of Criminal Procedure 16.01(h). Therein, the Government avers that complex case designation is appropriate due to the nature of the charges and discovery involved in this case. Specifically, the Defendants have been charged with violations of the Atomic Energy Act of 1954, 42 U.S.C. § 2011 et seq., relating to the communication of Restricted Data, a form of classified information. Accordingly, the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), raises complex legal issues and procedures not commonly required in criminal cases.

The Government requests that the Court designate this case as complex and allow time for the Government to confer with the Defendants in order to develop a Proposed Complex Case Schedule. The Defendants do not oppose a complex case designation. For the following reasons, the Court **GRANTS** the Government's motion, **VACATES** any scheduling deadlines established in the orders previously entered in this case,

**DESIGNATES** this case as complex pursuant to Local Rule of Criminal Procedure 16.01(h) and **EXCLUDES** speedy trial time calculation until the anticipated rescheduled trial date.

Pursuant to Rule 16.01(h) of this Court's Local Rules of Criminal Procedure, a case may, for good cause shown, be designated as complex. In determining whether to afford complex case designation, the Court considers if the case "is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established [under the Speedy Trial Act.]." 18 U.S.C. § 3161(h)(7)(B)(ii).

After reviewing the Government's motion and the nature of the charges contained in the indictment, the Court finds that complex case designation is warranted. This case stems from an indictment charging violations of the Atomic Energy Act of 1954 relating to the communication of Restricted Data. Accordingly, complex legal issues and procedures not commonly required in criminal cases are involved under CIPA.

Further, the Government requests additional time to collect, review and produce discovery and anticipates that the Defendants will require additional time to adequately review the materials and prepare for trial.

Based upon the nature of the prosecution and discovery in this matter, the Court considers this case complex. See 18 U.S.C. § 3161(h)(7)(B)(ii). Consequently, a speedy trial exclusion is warranted pursuant to § 3161(h)(7)(A), as the ends of justice are best served by granting the motion and outweigh the interests of the public and the Defendants in a speedy trial.

Accordingly, the Court **ORDERS** that the Government's Motion for Complex Case Designation [ECF No. 50] be **GRANTED**. The Court hereby **VACATES** the scheduling deadlines established in the orders previously entered as to these Defendants and, pursuant to Local Rule of Criminal Procedure 16.01(h), **ORDERS** counsel for the Government and the Defendant to confer and develop a Proposed Complex Case Schedule by **October 29, 2021**. The parties are **ORDERED** to file the Proposed Complex Case Schedule by no later than **November 12, 2021**.

As soon as practicable after the filing of the Proposed Complex Case Schedule, the Court shall enter an order setting the schedule and corresponding deadlines in this case. Any period of delay caused by this Order shall be excluded in computing Speedy Trial Act time, pursuant to § 3161(h)(7)(A).

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** October 21, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

3